**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JACK JAASIEL PONTES DE MOURA** | **CIVIL ACTION NO. 6:25-CV-01983 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DONALD J TRUMP ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Jack Jaasiel Pontes De Moura ("Pontes De Moura"), an immigration detainee at Pine Prairie Correctional Center. Pontes De Moura seeks release from detention.

Because Pontes De Moura is no longer detained, the Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Pontes De Moura is a native and citizen of Portugal. Pontes De Moura withdrew his application for asylum on March 2, 2026.[1] According to the online detainee locator service, Pontes De Moura is no longer detained.[2] Court staff independently verified the online information—Pontes De Moura has been removed.

---

[1] https://acis.eoir.justice.gov/en/caseInformation
[2] https://locator.ice.gov/odls/#/results

## II. <u>Law and Analysis</u>

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Pontes De Moura has been deported and is no longer in custody. Therefore, the case is moot.

## III. Conclusion

Because the case is moot, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 23rd day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE